IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **FREDERICK ALLEN GRUBER,** )<br>)<br>**Defendant/Movant,** )<br>)<br>v. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff/Respondent.** ) | **Criminal Case No. CR-04-03-RAW**<br><br>**Civil Case No. CV-08-53-RAW** |

## ORDER

Now before the court is the second or successive motion for relief under 28 U.S.C. § 2255 from *pro se* Defendant Frederick Allen Gruber ("Defendant"). [CR Doc. 63; CV Doc. 13]. The Government filed a response in opposition to Defendant's motion. [CR Doc. 77]. This matter is ripe for ruling.

In stage one of a bifurcated jury trial, Defendant was convicted of Armed Bank Robbery Involving Assault and Jeopardy of Life in violation of 18 U.S.C. § 2113(a) and (d) ("Count 5"), and Use and Carry a Firearm During and in Relation to a Crime of Violence and Possession of a Firearm in Furtherance of a Violent Crime, in violation of 18 U.S.C. § 924(c)(1)(A) ("Count 6"). [CR Doc. 50 at 4]. During the second stage, Defendant was found guilty of Felon in Possession of Firearm Affecting Commerce in violation of 18 U.S.C. §§ 922(g)(1), and 924(e)(1) and (2) ("Count 1"); Assault of a Federal Officer in violation of 18 U.S.C. §§ 111(a) and (b), and 1114 ("Count 2"); and Using and Carrying Firearm During and in Relation to, and Possession of a Firearm in Furtherance of a Violent Federal Felony, in violation of 18 U.S.C. § 924(c)(1) ("Count 3"). *Id*. The jury also found Defendant guilty of Count 7 of the Indictment, but the court later granted the Government's motion to vacate this conviction. *Id*. The jury found Defendant not guilty on Count 4. *Id*.

A Presentence Report ("PSR") was prepared by the United States Probation Office. On September 9, 2004, the court found that Defendant was subject to enhanced punishment under 18 U.S.C. § 924(e), part of the Armed Career Criminal Act ("ACCA"). [CR Doc. 50 at 5]. Defendant was committed to the custody of the Bureau of Prisons for a total of 687 months of

1

imprisonment. [CR Doc. 44]. The court also ordered Defendant to serve a total of 60 months of supervised release, to pay restitution in the amount of $14,862.25, and to pay a special assessment of $500.00. *Id.* Judgment was entered on September 15, 2004. *Id.*

On direct appeal, the Tenth Circuit reversed the court's judgment on Count 2. [CR Doc. 50 at 12]. Then, on January 29, 2007, the Government filed a "Motion to Dismiss Count 3 and Vacate the Conviction and Sentence on Count 3." [CR Doc. 53]. On remand, Defendant was resentenced to 235 months on Count 1, 235 months on Count 5, and 60 months on Count 6. [CR Doc. 56 at 2]. The terms of imprisonment on Counts 1 and 5 were to be served concurrently, and the term of imprisonment for Count 6 was to be served consecutively to the terms of imprisonment on Counts 1 and 5. *Id.* The total sentence of imprisonment was 295 months. *Id.*

On February 8, 2008, Defendant filed his initial motion pursuant to 28 U.S.C. § 2255 with the district court. [CR Doc. 59; CV Doc. 1]. In short, he alleged ineffective assistance of counsel. The § 2255 motion was denied on May 6, 2008. [CR Docs. 60 and 61; CV Docs. 10 and 11].

Six years later, Defendant sought permission from the Tenth Circuit to file his second or successive § 2255 motion. The filing date of the second § 2255 motion is June 20, 2016, which is the date Defendant's motion for authorization was filed in the Tenth Circuit. On July 12, 2016, the matter was abated pending further order. The Circuit lifted the abatement in May of 2020, and Defendant's motion for authorization was granted in part and denied in part. *See*, Order filed on May 14, 2020, in Tenth Circuit Case No. 16-7050. [CR Doc. 62; CV Doc. 12].

The Circuit in its order explained that "[t]o obtain authorization, movant must make a prima facie showing that his second or successive § 2255 motion meets the gatekeeping requirements of § 2255(h)." *Id.* at 2. The Circuit also explained that it does not consider the merits of the second § 2555 motion, and noted that "[a] motion may be authorized under § 2255(h)(2) if it relies on 'a new rule of constititutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *Id.* Next, the Circuit concluded that Defendant made the required prima facie showing to challenge his § 924(c) conviction under *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). *Id.* at 3. Pointing to *In re Mullins*, 942 F.3d 975, 979 (10th Cir. 2019), the Circuit explained that "[t]he Supreme Court

2

announced a new rule of constitutional law in *Davis* and the Court has made *Davis* retroactive to cases on collateral review through the combination of its holdings in *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016), and *Davis*." *Id*. Lastly, the Circuit concluded that Defendant made the required prima facie showing to challenge the sentencing enhancement under the ACCA based on *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch*, 136 S. Ct. at 1265.[1] *Id*.

This court has carefully reviewed the now-authorized second or successive § 2255 motion filed by Defendant. [CR Doc. 63; CV Doc. 13]. The court will first address Defendant's challenge to his § 924(c) conviction.

In short, 18 U.S.C. § 924(c) criminalizes the use or carry of a firearm in connection with "any crime of violence or drug trafficking crime," and in the instant case, Defendant's § 924(c) conviction ("Count 6") was supported by Armed Bank Robbery Involving Assault and Jeopardy of Life in violation of 18 U.S.C. § 2113(a) and (d) ("Count 5").[2] Defendant's first claim, therefore, hinges upon whether federal armed bank robbery is a crime of violence under § 924(c)(3). In 2019, the Supreme Court invalidated § 924(c)(3)(B), often referred to as § 924(c)'s "residual clause," as unconstitutionally vague in *Davis*, 139 S. Ct. at 2336. The *Davis* Court did not invalidate § 924(c)(3)(A), also known as § 924(c)'s "elements clause."

The Tenth Circuit has not considered whether federal armed bank robbery is a crime of violence under the elements clause of § 924(c)(3)(A) in a published post-*Davis* case. Nevertheless, in a published pre-*Davis* case, the Tenth Circuit held that a defendant's § 2113 unarmed bank robbery convictions "categorically qualify as crimes of violence" under U.S.S.G. § 4B1.2(a)(1). *United States v. McCranie*, 889 F.3d 677, 681 (10th Cir. 2018). And, in several unpublished pre-*Davis* cases, the Tenth Circuit found that federal armed bank robbery is

---

[1] The Circuit denied authorization for movant to challenge the enhancement of his sentence under the career offender guideline based on *Johnson*. The Circuit explained that in *Beckles v. United States*, 137 S. Ct. 886, 890 (2017), the Supreme Court rejected the argument that the career offender guideline's residual clause is void for vagueness under *Johnson*.

[2] The Circuit set out the facts presented at trial within an unpublished opinion on direct appeal. The evidence showed, in part, that "on the morning of July 31, 2003, a man wearing a Groucho Marx mask robbed the First National Bank in Admore, Oklahoma," and that "[t]he perpetrator, later found to be Mr. Gruber, used a gun to commit the robbery and fled from the scene of the crime." *United States v. Gruber*, 192 Fed.Appx. 773, 774-775 (10th Cir. 2006) (unpublished). At the time of Defendant's arrest, officers found $9,746.00 in cash on Defendant, and 18 of the 20 "bait bills" that had been taken in the robbery. *Id*. at 775.

a crime of violence under the elements clause of § 924(c)(3)(A). *See United States v. Rinker*, 746 Fed.Appx. 769, 771-73 (10th Cir. Aug. 21, 2018) (unpublished); *United States v. Hill*, 745 Fed.Appx. 77, 78-79 (10th Cir. Aug. 9, 2018) (unpublished); *United States v. Smith*, 730 Fed.Appx. 710, 710-11 (10th Cir. July 6, 2018) (unpublished) (applying *McCranie* to hold that armed bank robbery constitutes a crime of violence under § 924(c) because its elements clause is identical to the elements clause in the Guidelines).[3]  *Davis* only invalidated 924(c)'s residual clause, and this court is not persuaded that *Davis* undermines the analysis in *McCranie* or the unpublished cases above.  Defendant's § 924(c) conviction remains valid after *Davis* because the underlying offense of federal armed bank robbery is a crime of violence under the elements clause of § 924(c)(3)(A).[4]

Defendant's second claim is also without merit and must be denied.  Defendant cites *Johnson* and essentially contends that a California second-degree ("459") burglary conviction would not support his ACCA sentence. [CR Doc. 63 at 2; CV Doc. 13 at 2].  This portion of

---

[3]  Other federal circuit courts of appeal have analyzed similar claims. *See Wingate v. United States*, 969 F.3d 251, 264 (6th Cir. 2020) ("Under [Sixth Circuit precedent], the district court was right to conclude §§ 2113(a) [bank robbery] and 2118(a) [pharmacy robbery] are crimes of violence under § 924(c)'s elements clause."); *King v. United States*, 965 F.3d 60, 70-71 (1st Cir. 2020) ("And as our precedent already makes clear, § 2113(a) bank robbery qualifies as a crime of violence under § 924(c)'s force clause."); *United States v. Smith*, 957 F.3d 590, 596 (5th Cir. 2020) ("Because we find that Smith's § 2113 and § 1114 [attempted murder] convictions qualify as COVs [crimes of violence] under § 924(c)(3)(A), *Davis* does not impact his convictions."); *In re Pollard*, 931 F.3d 1318, 1321 (11th Cir. 2019) (concluding that armed robbery of a credit union [in violation of 18 U.S.C. § 2113(a) and (d)] "also qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause," and that Defendant "cannot show that the Supreme Court's invalidation of § 924(c)(3)(B) in *Davis* benefits him in any way."); *United States v. Johnson*, 899 F.3d 191, 203-04 (3d Cir. 2018) (noting that Defendant was convicted under § 2113(d), and that Third Circuit precedent "forecloses [Defendant]'s argument that bank robbery is not crime of violence under the § 924(c)(3) elements clause.").

[4]  Other types of robberies can also be crimes of violence under § 924(c)(3)(A).  The Tenth Circuit recently denied a request for COA and dismissed an appeal, explaining that a Hobbs Act robbery in violation of 18 U.S.C. § 1951 is categorically a crime of violence under the elements clause of § 924(c)(3)(A). *See United States v. Hendrickson*, 831 Fed.Appx. 421, 422-23 (10th Cir. Dec. 11, 2020) (unpublished) (citing *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060-66 (10th Cir. 2018)).  The Tenth Circuit also found that a defendant's robbery in Indian Country conviction under 18 U.S.C. § 2111 qualifies as a crime of violence under the elements clause of § 924(c)(3)(A). *See United States v. Clark*, 815 Fed.Appx. 302 (10th Cir. June 12, 2020) (unpublished); *United States v. Shirley*, 808 Fed.Appx. 672 (10th Cir. Apr. 13, 2020) (unpublished).

Defendant's argument is supported by precedent. *See United States v. Copeland*, 921 F.3d 1233, 1252 (10th Cir. 2019). But he also claims, perhaps mistakenly, that he pleaded guilty to a 459 burglary in 1979, and that the "1979 burglary was a third qualifying felony under the ACCA." [CR Doc. 63 at 2; CV Doc. 13 at 2]. Defendant does not mention his other prior felony convictions within the motion, nor does he address whether the other convictions support his ACCA sentence.

The Government correctly points out that "neither the PSR nor this [c]ourt in the 2004 amended judgment specified which of Defendant's multiple prior violent convictions were used as the three predicates to impose a sentence under the ACCA." [CR Doc. 77 at 6]. The Government also claims "it is Defendant's pure speculation to assert this [c]ourt relied on a 1979 burglary as alleged in Defendant's motion." *Id*. The court agrees.

Of significant importance, Defendant's PSR does not identify a California burglary conviction in 1979. The court obviously did not rely upon a burglary conviction from 1979 if such conviction was not identified within the PSR. But even if the court were to disallow the use of the non-existent 1979 burglary under *Johnson* (as well as any of the other burglary convictions identified in the PSR), Defendant would not be entitled to relief. The *Johnson* Court only invalidated the "residual clause" (the latter portion of 18 U.S.C. § 924(e)(2)(B)(ii)) of the violent felony definition within the ACCA as unconstitutionally vague. *See generally Johnson*, 135 S. Ct. 2551. The *Johnson* Court did not invalidate the remainder of the ACCA's definition of violent felony, including 18 U.S.C. § 924(e)(2)(B)(i), known as the "elements clause." In the instant case, Defendant's PSR identifies other offenses which support an ACCA-enhanced sentence.

On May 24, 1989, Defendant and another male robbed the Chino Valley Bank in Pomona, California. [*PSR* at ¶ 80]. The following month, on June 13, 1989, Defendant robbed the Bank of America in Norco, California. *Id*. Six days later, on June 19, 1989, Defendant robbed the Downey Savings and Loan in Claremont, California. *Id*. Defendant's three federal armed bank robberies were charged in a single federal case in 1989, but the Government points out that "Defendant committed the offenses on different days, the crimes involved different victims and occurred at different banks." [CR Doc. 77 at 8]. The Government also argues that

5

"Defendant had more than a meaningful opportunity to discontinue his unlawful activity before the second and third armed robberies occurred," and that "[c]onsequently, all three armed robberies may be counted as separate offenses for ACCA purposes." *Id*. Once more, this court agrees. *See United States v. Tisdale,* 921 F.2d 1095, 1098–99 (10th Cir.1990) (concluding three separate burglary offenses had occurred for purposes of § 924(e)(1) when defendant broke into a shopping mall and burglarized two private businesses and a post office on same night); *United States v. Green,* 967 F.2d 459, 461–62 (10th Cir.1992) (reaffirming *Tisdale* and rejecting argument that § 924(e)(1) requires predicate convictions to be the result of separate judicial proceedings); *United States v. Johnson,* 130 F.3d 1420, 1430–31 (10th Cir. 1997) (ACCA enhancement appropriate where defendant engaged in three different drug transactions over three separate days).

Under the ACCA, a defendant convicted of being a felon in possession of a firearm faces more punishment if he/she has three of more previous convictions for a violent felony. Defendant points to *Johnson* and claims a prior burglary conviction was used as a predicate to impose a sentence under the ACCA. The court is not persuaded. But as noted above, even if *all* of Defendant's burglary convictions are removed from consideration, he would not be entitled to relief.

Defendant was convicted of being a felon in possession of a firearm, and he was subject to an ACCA-enhanced sentence because he had three prior convictions that qualified as violent felonies. Defendant pleaded guilty in 1989 to three counts of federal armed bank robbery. [*PSR* at ¶ 80]. The armed bank robberies occurred on different dates and at different locations.[5] *Id*. Because each of Defendant's armed bank robbery convictions are valid predicates under the elements clause, *Johnson* provides no basis for relief.[6]

---

[5] *See United States v. Dutch* (*Dutch I*), 753 Fed.Appx. 632 (10th Cir. Nov. 1, 2018) (unpublished) (explaining that ACCA governs because defendant previously pled guilty to three counts of substantive bank robbery in violation of 18 U.S.C. § 2113(a) and that bank robberies occurred on different dates and at different locations). *See also United States v. Dutch,* 978 F.3d 1341 (10th Cir. 2020).

[6] In addition, Defendant was convicted in 1981 in a California state court for armed robbery. [*PSR* at ¶ 78]. There is no need to address whether the 1981 armed robbery conviction is a valid ACCA predicate for enhanced sentencing. The court is convinced that, in light of

For the reasons set forth herein, the relief requested in Defendant's second or successive motion for relief under 28 U.S.C. § 2255 [CR Doc. 63; CV Doc. 13] is hereby DENIED.[7] Furthermore, Defendant has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, this court hereby declines to issue a certificate of appealability.

It is so ordered this 26th day of January, 2021.

                                                             /s/ Ronald A. White
                                                             THE HONORABLE RONALD A. WHITE
                                                             UNITED STATES DISTRICT JUDGE
                                                             EASTERN DISTRICT OF OKLAHOMA

---

*McCranie* and related cases, Defendant's ACCA sentence is supported by the three 1989 armed bank robberies.

[7] The motion, files and records of this case conclusively show that Defendant is entitled to no relief. Thus, no evidentiary hearing was held.